NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000545
26-JUL-2019
09:00 AM**

NO. CAAP-17-0000545

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JIN WANG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1890)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant, Jin Wang (Wang) appeals from the Circuit Court of the First Circuit's (Circuit Court) June 23, 2017 Judgment of Conviction and Probation Sentence; Notice of Entry.[1]  After a jury trial, the Circuit Court convicted Wang of Count 1:  The included offense of Sexual Assault in the Third Degree, Hawaii Revised Statutes (HRS) § 707-732(1)(c) (2014).[2]

---

[1]     The Honorable Jeffrey P. Crabtree presided.

[2]     Wang had been charged with Count 1:  Sexual Assault in the First Degree, HRS § 707-730, and Count 2:  Sexual Assault in the Third Degree, HRS § 707-732(1)(c).  HRS § 707-732(1)(c) provides,

> (1) A person commits the offense of sexual assault in the third degree if:
>
>     . . . .
>
>     (c) The person knowingly engages in sexual contact with a person who is at least fourteen years old but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:
>
>         (i) The person is not less than five years older than the minor; and
>
>         (ii) The person is not legally married to the minor[.]

On appeal, Wang contends that the Circuit Court erred by holding that (1) knowledge of the age of the victim is not an element of the offense of which he was convicted; and (2) exclusion of his sister from the courtroom after her testimony infringed upon his constitutional right to a public trial.

After a careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the points raised and the arguments made by the parties, we resolve Wang's appeal as follows and affirm.

BACKGROUND

S.P. was 15 years old when she attended her friend's mother's wedding reception in April 2015.  In full view of adult wedding guests, S.P. drank five bottles of Heineken beer, which made her "pretty drunk" and unable to walk straight.  Wang--a friend of the groom--drove S.P. and her friends to the bride's apartment after the reception.  S.P. remembers making a phone call to her boyfriend, but otherwise has no recollection of being carried up the stairs to the apartment or of what happened inside the apartment.

S.P.'s first recollection is that she woke up in the dark with a person next to her holding her breast and with his fingers in her vagina.  She left the room and told her friends what had happened.  S.P. and several other friends left, then discussed the event at an ice cream parlor before going to the police station to report the event.  The police officer S.P. talked to testified that she did not appear "at all intoxicated."  S.P. was taken to the hospital and given a pelvic exam.  Wang did not testify.

1.  As thoroughly discussed in Buch, "a defendant is strictly liable with respect to the attendant circumstance of the victim's age in a sexual assault."  State v. Buch, 83 Hawai'i 308, 316, 926 P.2d 599, 607 (1996).  Therefore, Wang's knowledge of S.P.'s age is not an element of the crime of sexual assault in the third degree, HRS § 707-732(1)(c).  Because only the Hawai'i

2

Supreme Court may revisit its own precedent, we decline to consider Wang's point on appeal that Buch was wrongly decided.[3]

Wang offers no persuading precedent to support his contention that imposing strict liability under Buch violates due process by denying a person "reasonable notice of the proscribed conduct so that a person can conform his conduct to the requirements of the law."[4]  The general rule is that the state of mind requirement of a criminal statute "appl[ies] to all elements of the offense, unless a contrary purpose plainly appears."  HRS § 702-207 (2014) (emphasis added); Buch, 83 Hawai'i at 318, 926 P.2d at 609.  The "contrary purpose" need not appear on the face of the statute; rather, the contrary purpose may be derived from the legislative history.  Commentary to HRS § 702-207.

The legislative history at the time Buch was decided evinced the legislature's intent to "eliminate the requirement of knowledge of the victim's age in those sex offenses where the victim's age was an attendant circumstance."  Buch, 83 Hawai'i at 315-16, 926 P.2d at 606-07 (citing Conf. Comm. Rep. No. 1, in 1972 House Journal, at 1038).  In 2001, the legislature cited Buch with approval when it amended HRS § 707-732 to "[c]riminalize sexual penetration and sexual contact with a minor who is age 14, if the actor is 19 years or older and not married to the minor."  Conf. Comm. Rep. No. 66, in 2001 House Journal, at 1072, 2001 Senate Journal, at 881.  The legislature explained

---

[3]     Because Buch is controlling, we need not address Wang's contention that State v. Silva, 53 Haw. 232, 491 P.2d 1216 (1971) is inapplicable and not binding to this case.

[4]     Wang contends that the "enlightened courts" in Alaska and Utah "have adopted the philosophy of the Penal Code" and allow mistake of fact as a defense to statutory rape instead of imposing strict liability.  As discussed in U.S. v. Wilson, 66 M.J. 39, 43 (C.A.A.F. 2008), the cases Wang cites have since been superseded by statute in their respective jurisdictions.  In Utah, State v. Pappas, 705 P.2d 1169, 1171 (Utah 1985) and State v. Elton, 680, P.2d 717 (Utah 1984) were superseded by Utah Code Ann. § 76-2-304.5 (West, Westlaw through 2019) (providing that mistake of fact as to the victim's age is not a defense to unlawful sexual activity or sexual abuse of a minor).

In Alaska, the legislature superseded State v. Guest, 583 P.2d 836 (Alaska 1973) upon which Wang relies, by making a reasonable belief that the child was at or above the requisite age an affirmative, rather than ordinary defense, and by adding the requirement that the defendant also prove he or she took "reasonable measures to verify that the victim was that age or older[,]" thus taking it out of the realm of "ignorance or mistake" of fact as defined by the Hawai'i Statute.  Alaska Stat. Ann. § 11.41.445(b) (West, Westlaw through 2019); HRS § 702-218.

that, under the amended HRS § 707-732, "[t]he term 'knowing' relates to the act of sexual contact or penetration, not to the knowledge of the child's age." Id. The legislature's reason for the amendment to the statute included alleviating the minors' "unfair[] burden[] with the presumption of knowing the consequences of engaging in sexual relations with an adult," S. Stand. Comm. Rep. No. 1394, in 2001 Senate Journal, at 1486, and, instead, "plac[ing] the responsibility of correct behavior upon adult sexual partners," H. Stand. Comm. Rep. No. 704, in 2001 House Journal, at 1388. Therefore, the legislative history provides the contrary purpose that prevents the state of mind requirement of HRS § 707-732(1)(c) from being applied to the age of the victim.

Wang contends that "[i]t is much easier to avoid having sex with an 11 or 13 year old than a 15 year old," and imposing strict liability protection for children ages 14 and 15--who can legally have sex with others of similar age, as well as marry with parental consent--has the effect of imposing criminal liability upon "innocent people." In other words, he appears to urge us to ignore or invalidate subsection (1)(c) from HRS § 707-732. We must decline because

> [i]t is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all the words of the statute.

Methven-Abreu v. Hawaiian Ins. & Guar. Co., Ltd., 73 Haw. 385, 392-93, 834 P.2d 279, 284 (1992) (emphases added) (quoting Camara v. Agsalud, 67 Haw. 212, 215-16, 685 P.2d 794, 797 (1984)).

Furthermore, Wang's argument is based on a fact not in evidence: that S.P. purported to consent to sexual contact with Wang. Wang did not give S.P. an opportunity to consent or refuse sexual contact. Instead, S.P. woke up with one of Wang's hands already on her breast and fingers of the other hand in her vagina. Whether S.P.'s age should allow her to decide for

4

herself if she wanted sexual contact with Wang is therefore a moot point.[5]

2. Wang contends that he was denied the right to a public trial by the Circuit Court's exclusion of his sister from the courtroom upon conclusion of her testimony. There are two rules at play here, which "serve unique and mutually inclusive ends": (1) the right to a public trial, as guaranteed by the sixth and fourteenth amendments to the U.S. Constitution and art. I, section 14 of the Hawai'i constitution; and (2) the witness exclusionary rule under Hawaii Rules of Evidence Rule 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.") (emphasis added). State v. Culkin, 97 Hawai'i 206, 231 n.27, 35 P.3d 233, 258 n.27 (2001).

A public trial safeguards against secret trials and allows "the public [to] see that a defendant is fairly dealt with and not unjustly condemned." Id. at 232, 35 P.3d at 259 (brackets omitted). Here, the courtroom remained open to non-testifying individuals, including Wang's parents; thus, the trial was not held in secret. The witness exclusionary rule safeguards against witnesses shaping their testimony to match that of other witnesses. Id. at 231, 35 P.3d at 258. Subject to the exceptions specified in Hawaii Rules of Evidence Rule 615, which Wang does not assert apply, witness exclusion under the rule "is generally a matter of right." See Bloudell v. Wailuku Sugar Co., 4 Haw. App. 498, 505, 669 P.2d 163, 169 (1983). Even though the chance of her being called again to testify was slim, the Circuit Court did not err in excluding her.[6] Because the "right to a public trial is not implicated by the exclusion of a potential witness pursuant to the witness exclusionary rule," Wang was not

---

[5] In 2003, the legislature permanently "raised the age of consent to 16 in most cases." H. Stand. Comm. Rep. No. 568, in 2003 House Journal, at 1340.

[6] It appears that the State requested Wang's sister be excluded during an off-the-record discussion.

denied a right to a public trial when his sister was excluded. <u>Culkin</u>, at 232, 35 P.3d at 259.

      For the foregoing reasons, we affirm the Circuit Court of the First Circuit's June 23, 2017 Judgment of Conviction and Probation Sentence; Notice of Entry.

      DATED:  Honolulu, Hawai'i, July 26, 2019.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Chief Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge